Good afternoon. May it please the Court, Jason Choi on behalf of Petitioner Fernando Cordero-Garcia. With me today is co-counsel, Mr. Michael Mayer. I would like to reserve three minutes for the parties to address two specific questions today. The plain language of Section 136 answers both. With regard to the first question, Subdivision B-1 does not require a specific intent to interfere with the process of justice. The California legislature knew how to write a plan. In fact, they explicitly defined the term malice as used in Section 136 to include an intent to interfere, quote, in any manner with the orderly administration of justice. Yet they omitted that requirement from Subdivision B-1. As a result, that subdivision does not require an intent to interfere with the process of justice. In response to the Court's second question, the lack of an intent to interfere with the due administration of justice also addresses the reasonable probability requirement. Because the overbreadth of the statute is clear from its text, there is no need to go beyond the plain language of Subdivision B-1 to conclude that there is a categorical mismatch. Mr. Troy, can I take you back to your first point? Subsection B-1 requires, I think we all agree, at least the briefing suggests you all agree, a specific intent to dissuade a witness from reporting a crime or a victim from reporting a crime, correct? That is one way that the California cases... That's one way. And I'm just trying to figure out, the generic crime has to do with a specific intent to interfere with the process of justice? How can you intend to dissuade somebody from reporting a crime without also thereby intending to dissuade, without intending thereby to somehow affect the process of justice? It's just, I'm having some difficulty in my own mind. I understand that one might have multiple motivations. One might say, don't report this victim because you'll get tied up in the court system and you might be embarrassed or just inconvenienced. But if you're dissuading somebody from reporting a crime, don't you have to have the intent to interfere with the process of investigating the crime, which is part of the process of justice? Not necessarily. And that's what Subdivision A-3 of Section 136 tells us. Subdivision A-3 creates a safe harbor, a presumption against malice in the event that a family member intercedes and attempts to prevent a witness in that case from testifying at a hearing or proceeding. So Subdivision A-3 tells us that someone may take actions and specifically with specific intent that have the effect of preventing someone in that case from testifying at a hearing or proceeding without malice, without an intent. Which way does that cut? We have a statutory provision here that in effect says one would normally infer malice from this, but under this circumstance, you might not infer malice. But we're not dealing with that. We're not dealing with an A-3 violation here. We're dealing with a B-1 violation. So I'm still trying to figure out how I can have a specific intent to dissuade somebody from reporting a crime without, and I'm trying to find the federal statute, but without having a specific intent to do what the federal statute prohibits. I think Subdivision C of Section 136 addresses your question. Subdivision C of 136 applies to violations of Subdivision B, the issue, the subdivision issue here, but requires in addition to the specific intent required by Subdivision B proof of knowledge and malice. So Section 136 on its face recognizes that an intent, malice, which is defined as an intent to interfere in any way with the orderly administration of justice, is proof in addition to the intent that is required by Subdivision B. Those are distinct intents. Well, let's go back for a second, and maybe you can help me with this. The federal crime of obstruction of justice, the generic crime, if you will, statutory crime, requires a specific intent to do what? The Supreme Court said that it requires a specific intent to interfere with the legal process. With legal process. And the court made it clear that legal process in our first iteration through this case was not simply ongoing court proceedings, but the things that led up to The Supreme Court said that ongoing investigation and proceeding is not required. Right. So I guess thinking, just looking at the federal generic crime for a moment, why isn't someone who dissuades, who acts with a specific intent of dissuading the reporting of a crime committing the federal crime? I'm trying to work backwards from the definition in the federal one to what we all agree is the definition of B1. Because it's possible to specifically intend under Subdivision B1 without a specific intent to interfere with the process of justice. Tell me how. I mean, you say that, but if the investigation by the police is the legal process that the Supreme Court tells us in Pugin can constitute obstruction of justice under the federal generic statute, isn't the very definition of B1 that you're interfering with that legal process? Not necessarily. If you take the example of a parent whose child in this scenario has attempted to dissuade the child from reporting what he or she has seen for fear of retribution against the child, that same parent could very well intend, would want that instance of violence to be prosecuted. It's a separate question of whether they want the thing prosecuted or whether they've interfered with the investigation and prosecution of the crime. And all the specific intent here is to interfere. It's not necessarily to completely obstruct. That may be, but this is where the language of the California statute, the structure of the California statute, that distinguishes between malice, defined as an intent to interfere with the orderly administrative action of justice, it specifically defines malice and distinguishes that from the intent required by Subdivision B. So while it may be challenging, it is built into the statutory structure of Section 136, this distinction between an intent to... Haven't arguments along the lines of what you've been made to the California courts in trying to make certain arguments about those two provisions, and basically, as best I could tell, it seemed like the California courts, I can't remember if it was the California Supreme Court or Courts of Appeals, but had concluded that you still have the specific... Your argument that because malice is defined a certain way, it must mean that the other provision that just requires specific intent can't require that, but hasn't that basically been rejected by the California courts? Not that I'm aware of, and to the contrary, in Bracken's, the California... But what do you think the California courts, you agree, I think you said this earlier, the California courts on the provision that's issued in our case, the California courts have said that it requires specific intent, right? Intent to interfere with somebody reporting a crime to the authorities. That is one way it's been formulated. It's also been formulated as a specific intent to influence the acts of a witness or victim more generally. It's been phrased more generally. Let's take the first way. In doing that, it seems like your argument is that you have to have some sort of heightened... You have to be doing it for the wrong reason. Your motivation has to be the wrong reason. If you have a sympathetic reason, then that doesn't count as specific intent under the federal generic statute. But where does that come from? I'm trying to figure out... I mean, at the end of the day, if I'm trying to get somebody not to report a crime, if I'm trying to interfere with the process of justice, but trying to do it for a very good reason, I'm still trying to interfere with the process of justice, aren't I? That's not what subdivision... That wouldn't get you a conviction under subdivision B. Take, for example, the Bracken's decision from 2019, the California Court of Appeals. In that case, the defendant was convicted of a violation of subdivision B1 and challenged a jury instruction that did not include a requirement of malice and did not include the safe harbor, the presumption against malice in the case of a family member. The California Court of Appeals upheld that conviction, found the elements of the defendant's defense on immaterial, because the subdivision B1 defense does not require malice, and therefore, the presumption of a family member trying to dissuade doesn't apply. In that... By affirming that conviction, the California Court applied subdivision B1 in a way that did not require any proof, rendered the defense immaterial with regard to the defendant's motivation. Let me cut you off. Had you finished? Yes. It did require, however, intent to dissuade some... a witness or a victim from reporting the crime, right? B1 does require that. That is one way it's been formulated, yes. Yeah. That's what the California courts say. And you don't seem to be disagreeing with the government that that's the specific intent that's required to violate B1. So I'm trying to figure out, no matter how one defines malice, isn't that enough? Isn't a specific intent to dissuade a witness or victim from reporting a crime enough to establish the federal generic crime? Now, I'm not... Focus for a moment not so much on how the California courts have parsed various words, but if one has a specific intent to dissuade a witness or a victim from reporting a crime, why doesn't that constitute the federal generic crime? For the same reason that misprision of a felony has been found not to categorically match the generic crime, the statute says nothing about the purpose for which the defendant has dissuaded. In Espinosa-Gonzalez, the BIA found that misprision of a felony did not categorically match the generic aggravated felony. Again, stick with... We know the specific intent required to violate the California statute. It's the specific intent to keep a witness or victim from reporting a crime. So my question is, why isn't the specific intent to keep a victim or witness from reporting a crime a categorical match for the federal generic crime? Because someone would have that intent required by B1 without having the further purpose of interfering with the legal process. Tell me where in the federal generic crime you must also have a purpose as opposed to just the specific intent. See, the federal generic crime only requires the specific intent to obstruct justice. Yeah, that's... I think that you were... So I'm trying to figure out why preventing a witness from reporting a crime or a victim from reporting a crime isn't enough to constitute the federal crime of... which requires a specific intent to obstruct justice. Because you can have a specific intent to dissuade a victim or witness from reporting a crime without a specific intent to interfere with the legal process. If, for example, in the case of Mr. Flores, one of the cases, the related cases, the cases that's related to Mr. Cordero Garcia's case. In that case, the government faced challenges in proving that Mr. Flores acted with knowledge or malice. So it charged him under B1 based on a record where he grabbed a phone after hearing... the last thing he heard is, I'm going to call someone to have you killed. So there was, on that record, no evidence that Mr. Flores knew the call he was stopping was to 911. And without that knowledge, he could not have intended to interfere with the process of justice. Did he plead in that case? He did. Yeah, and when he pled, did he agree that he had specific intent to interfere with... to interfere with the police investigation? That was not part of the information to which he pled guilty. It doesn't matter. What we do, we look at the... we're doing a categorical approach. So we don't look at the facts of his case. We look at what the statute requires, and he pleaded guilty to a B1 violation, which does require a specific intent. So moving away from the facts of any individual case, I'm still having some difficulty figuring out why the specific intent required to violate B1 isn't enough to be a categorical match for federal generic crime. I understand each of these defendants in this case has admitted that he had a specific intent to prevent a victim or witness from reporting a crime. And so where I'm still not... we're still not meeting each other, is I'm trying to figure out why a specific intent to keep a victim or witness from reporting a crime isn't the same specific intent that the generic federal obstruction of justice statute requires. I think the reason is because you're looking at the effect of the act. While a specific intent to dissuade or prevent someone from making a report may have the effect of interfering with the legal process, having an effect is different from an intent. And even the BIA recognized that in Espinosa-Gonzalez. They said that not all acts that have the effect of obstructing justice are obstruction of justice. Not every act that has the effect of preventing the legal process from moving forward reflects a specific intent to prevent the process from moving forward. Counsel, we've taken you well over, but I'll make sure and give you some time for rebuttal. But I think we'll hear from the government. I'm curious to have the government respond to that the effect. I didn't understand the government to be arguing that an effect is enough to the mere fact that you might have an effect is enough. So we'll hear from the government on that, but we'll make sure you have time to respond to that. Thank you. May it please the court. Rebecca Hoffberg Phillips on behalf of the United States Attorney General. I'll jump right into where you left off. Is specific intent enough? Yes. Is it different from motivation? Yes. There is a difference between whether someone has a specific intent to do an act. Specific intent is a legal mens rea that has to be proven. So the mens rea requires an action to be taken with a view or purpose of a specific outcome. So you have to specifically intend to affect a victim or witness. What's the motive? Well, there could be a lot of motives. There could be a motive to protect the witness. There could be a motive to protect the defendant. I'm not saying that there's any realistic probability that that's the case, but I'm saying there could be a variety of motives and that's not what the inquiry is. What do you do with and maybe it's not important, but the structure of the California statute is it because a B2 violation requires malice. It doesn't require malice. Excuse me. Sorry, the B violation doesn't require. A1 doesn't. Right. But the C1 or the other violations require malice. Right. And malice is defined in a way that seems very close to what the federal generic crime is. So help me with that. I mean, why did they leave malice out of B1? But they left malice out of B1. Who knows why they did it? They left malice out of B1, but you're saying that in effect, B1 requires precisely what malice is defined as. I don't agree that B1 requires what malice is defined as. There's a couple issues right there. So first of all, Brackens is really the go-to case that explains why there was no need for as opposed to A and C. Where do you go there? What's the California definition of malice? The definition includes vex to vex, harm, annoy, and otherwise cause injury, and also the malice specific to the statute, which is the interference with the administration of justice. Right. And so you need not show an intent to interfere with the administration of justice under California law to have a B1 violation, right? Your Honor, see, that's what's so ironic, is that this offense is actually narrower. It only has the intent to interfere with the process of justice, whereas malice, as defined by the statute, includes the other intents. It says what? It doesn't say or. Yes, so it's broader. So the malice, having malice in the statute actually makes the offense broader. It makes it broader than B. B is narrower. As Brackens points out, the legislature reasonably decided not to include malice, and that's because they thought there were more reasons why people might have a more benign interest in trying to tell someone not to go to a court proceeding, which is what A deals with. Again, help me with this. If one has the last definition of malice under California state law, which is the intent to interfere with et cetera, et cetera, then one has committed a broader crime than B1. Yes. A is broader than B. A is broader than B1. Yes. But now isn't that kind of malice precisely what is needed to constitute the federal generic crime? Put aside VEX and everything else, that last phrase strikes me as very close to what our definition of the federal generic crime is. Right. So malice is not required. The last time this court was reviewing, I just want to point out the generic definition last time, the argument was taking a different approach to try to compare this offense to the federal. Last time we were all worried about a different issue. Exactly. So proving the piece was a little bit different the last time around. The government's position was still that you did not need malice in the statute to demonstrate the relationship to the federal offense, but you certainly don't need it now. And that's because specific intent, the Supreme Court actually noted twice in its decision that this is exactly the type of offense that qualifies as an obstruction of justice offense. One can obstruct the wheels of justice even before the wheels have begun to move and pointed to the example of threatening a witness to keep the witness from reporting a crime to police and observe such an act is no less obstructive merely because the government has yet to catch on and begin an investigation. The second time the Supreme Court says this offense is an obstruction of justice is it notes a source for as far back as 1769 explaining without qualification that endeavoring to dissuade a witness from giving evidence was an impediment of justice. This court's prior decision found that this was a intent requirement and it is the specific intent to interfere with someone making a report to police. That is the specific intent. So yeah, I think if I can try to put it in my own words and I tried to ask your colleague and kind of jumbled it, I think, but I believe some of the questions you're getting are you've got two different California statutes, right? One requires malice, this one does not. But the definition of malice, the actual written definition of malice in the other one, part of that definition, that's the other, the second half of the OR, sounds a lot like the same specific intent you need here. And so I think their whole case depends upon a saying, taking that, so it's not really relying on, I mean, it's very clear this has a specific intent requirement. I don't think anybody's saying, but it's saying, yeah, but there's this other malice requirement that actually is defined so it could be basically, it sounds a lot like it's just the other statute needs that, and that's extra, that's additional, then why doesn't that mean that's not required for this statute? And you see, I thought that there were some California cases that had sort of dealt with that, you know, in a different context, not arguing about categorical matching and all that, but the difference that some California cases, and basically as state courts are prone to do sometimes, they took a statute that was kind of, kind of has some challenging interpretive issues, but they interpreted it, and they said, this one requires, this one, this before us, requires specific intent to actually, to keep somebody from not reporting, and the other one requires something extra, but it doesn't mean that this one doesn't require specific intent. I thought we had on-point California cases say that, and so I guess, you would admit, I mean, I think these are some of the questions that Judge Hurwitz was kind of weirdness between this malice requirement that's not clear, that looks like it could just be, it's supposed to be something extra, but if it was just the second part of the or, and you don't include the vex, etc., or any of that, then it's hard to see how that's much different, right? And that is a challenging interpretive thing, but I'm trying to figure out if that's our job to interpret that, or if the California courts have said, we don't care, this requires specific intent, and the specific intent it requires is to keep somebody from reporting a crime, then you get, if that's true, then you end up with the question I think Judge Hurwitz was asking your colleague on the other side repeatedly, which is, how is specific intent not to report a crime like not a specific intent to interfere with the process of justice? You might have all kinds of different motivations for doing that, so I'm trying to figure out, like, do you have an answer to the, the challenging part for your side of this case is that you've got, you've got this other statute, it's actually not involved in this case, but this other provision, and if you give that other provision some meaning, then logically, maybe it would mean that you wouldn't have specific intent here, but we also have the fact that California courts have said you do, right? And this happens with, with state criminal statutes, like, you get definitive, you know, I used to work for states, right? You get, and sometimes it doesn't seem like the best reading, but what do we with that? I guess, what do we do with that? Well, I think you, you have to look at two state cases that have already grappled with exactly what you're talking about because of the way that this is written, and the two cases are Brackens and Navarro. Those are the cases directly addressing the provision that is at issue before the court, and as much as we'd like to talk about subdivision A and C, and I get that they inform some meeting in some way, we are actually talking about B-1 here, and so it's important to look at state case law that does address that particular provision and how it's been interpreted by the state courts because it is for them to decide the scope of it, and they have specifically found that it was totally reasonable what the legislature did by not including malice in B, and as the Brackens court stated, they said, for example, if an employer was motivated by the desire to keep the employee at work rather than a malicious desire to thwart the administration of justice, or vex, or annoy, or harm the employee, that would have been a reason why they may have prevented someone from going to a hearing because they can't. Would that be also a violation of the federal statute? That wouldn't have the malice. That's what they were saying because it had to do with the proceeding. Malice required to violate A. My question is, if I'm an employer and I say, don't report a crime because I don't want you to miss work, have I committed the federal generic crime? That's where Navarro comes in because there's no realistic probability of the type of offenses that don't have the specific intent. But Navarro tells us not to use our imagination, but he tells us that if the language of the statute commands a result, we don't have to worry about imagination. We just look at language. Right. I'm still back at the question, I think, is vexing both Judge Van Dyke and me, and I suspect vexing Judge Moskowitz too, but I don't want to speak for him on this, which is that we have a statute. Forget the word malice for a second. We have a statute that says you violated B1 if you've done a certain number of things. Your intent is a certain way, but you violated A if your intent includes an intent to interfere with the process of justice. And now we have B1. The cases interpreting B1 would say you really don't need that to violate B1. And so I'm trying to figure out, both sides of the equation here strike me as having a disconnect. On the other side, I'm having an impossible time imagining how I can intend to keep a witness from reporting a crime without at least having some intent to keep the process of justice from moving. On your side of the case, I'm having a problem of figuring out why, if intent to interfere with the process of justice is not an element of B1, we don't have a case where on the face we don't have a categorical match. So help me with that. Okay. So subdivision A has to do with pending proceedings. Okay. So it has to do with attempting or preventing to dissuade a victim or witness from giving testimony, okay, at a trial. And so what the legislature realized is that because you're going to a public proceeding, first of all, there's more trauma involved with going to a type of public proceeding facing the defendant, that there might be more reasons that people might have as wanting to protect someone under those circumstances when a proceeding is involved, that having a malice requirement would be more important. This is what the Bracken's court specifically found. And they said there was, quote, trauma involved with a proceeding. Maybe you're not understanding my question. I perfectly understand why the legislature might want to have included a malice requirement under A. What I'm having a difficult time is figuring out, since they didn't include one under B1, and part of the malice requirement is an intent to interfere with the process of justice, why that doesn't mean B1 is somehow narrower with respect to that intent. I agree that it is narrower. I'm sorry. Well, I think that it is narrower. I actually think if you look at this court's case in Escobar, it's kind of interesting because they were looking, it's not related in the sense that it was a CIMT, but it was looking at 136.1A. And the reason they found it wasn't a CIMT is because it included the intent to interfere with the process of justice instead of the normal malice stuff. So the very reason that it became sort of overbroad for a CIMT was the exact reason why you would find it to be an obstruction of justice crime, which I thought was... What you're saying is that the process of justice referred to in the malice requirement is what we thought the process of justice was the last time through, which was a pending case? It begins with the commission of a crime and ends with the punishment of the offender. That's the process of justice. And it starts before there's even a proceeding. As the Supreme Court noted specifically, the best interference is the one that happens at the very beginning, before the wheels of justice move. The court told us something about the California statute. Yeah. What you seem to be saying is that malice is required when there's a pending court proceeding and that what the process of justice there means in the malice requirement, the debt general definition of malice, is a pending court proceeding. But that definition of malice just has no relevance at all. Is that what you're saying? Well, the Bracken's court said that it's so sufficiently important that we encourage people to report crimes, that there aren't going to be reasonable explanations the way that you would have. This is what the court said, that there aren't the same reasonable explanations and motivations, the benign motivations that you're talking about aren't going to be prevalent when you're just talking about reporting a crime. It's not the same as when you're doing something in a public forum. That's essentially what the Bracken's court was finding. So your position is that the malice definition adds something to the generic crime with respect to a subsection A violation? It adds an extra showing. It's often used. Actually, what's interesting is... Would a violation of subsection A be a categorical obstruction of justice? Well, that's not the issue before the court. Of course not. That's why it's a hypothetical question. It is hypothetical. And I would say, you know, they've previously pointed to the case Wahidi, right? Wahidi was no innocent person, by the way, who punched and smashed windows and then got to use the facts of the case. But I'm just saying, to the extent that you think that this targets more benign motives, the fact is that, first of all, Navarro says there's no realistic probability that it's going to capture that conduct. And number two, none of the cases here show that it does capture that kind of conduct. I want to point out, none of the cases here involve... When he talks about the telephone cases are actually very common with domestic violence and things like that. I mean, Flores himself says, you know, he says, my case shows that you could not have the requisite intent. I mean, his girlfriend was lying on the floor with a collapsed lung and a broken rib, and he thinks she was trying to kill... I just don't know why the facts make it... Well, he's trying to say they show a realistic probability. A crime requires the requisite intent or it doesn't. He could have pleaded guilty to a crime different than the actual crime he committed. He pleaded guilty to a B1 offense. If you have the specific intent, as long as you have the specific intent, that is what's required. And to the extent that that might seem harsh, note that there is a one-year sentence requirement for this aggravated felony. So some of the aggravated felony definitions like murder, rape, sexual abuse of a minor, they don't have a sentence requirement because they're so inherently bad. These cases, the legislature understood that there might be violations that maybe you think are not as serious and maybe don't warrant this aggravated felony status, but you have to have the one-year sentence for this particular aggravated felony provision. And so that's going to weed out any of these cases that you might have in your head. The cases all before you today are some of the worst facts I've ever heard of. And so these are typical facts of this crime. But I'm saying to the extent that there's some hypothetical idea, because I think what seems to be bothering the court is that you have a specific intent without the malice in this statute. What's troubling me, and I'm taking you think of or not think of, what's concerning me in this case is that we have the California court saying malice is not required to violate B-1. And one of the definitions of malice sounds to me, as Judge Van Dyke suggested, pretty close to the specific intent required to commit the generic crime. So I'm trying to figure out if that specific intent is not required to violate B-1, then why does B-1 then constitute a generic crime? It just has to do with the way malice is defined in this California statute. So because they define it to be having other intents in addition to the intent to interfere with the process. But they're not all required. It's an or statute. Right. But that's why they didn't want to make B as broad, because they wanted to make I think what they were trying to do was say, it's so important that we not find ways to discourage people to report crimes. That if you specifically intend to dissuade a witness from reporting a crime, that that is, you know, an intent to interfere with the process of justice. It's the most effective way to interfere with the process of justice. That is what the Supreme Court said. It is the best way to interfere with the process of justice. And there was a sufficiently enough of a reason for the legislature to say it matters so much that we don't need to add on the possibilities of other vex, annoy, harm, because this is interference and this is something where, you know, we value that so much that people can come forward. Well, counsel, thank you for your, I do want to make sure that if Judge Moskowitz has any questions before you sit down, you get a chance to ask them. So let's give them an opportunity here. To be included in the federal statute. I love this question because it is an offense relating to obstruction of justice. So actually, that's a great point that I should have said earlier. It can because it relates to obstruction of justice. And I think looking for the exact, I mean, it has the specific intent to dissuade a witness. And that should be enough to say that this is an offense relating to the Judge Moskowitz. Anything else? All right. Well, thank you. We took you well over. We'll make sure the other side gets a chance. But why don't we put three minutes on the clock for the petitioner and then we'll make sure Judge Moskowitz gets to ask you any questions that may proceed. Thank you. I'd like to address the hypothetical about the employer who says to his employee, I don't want you to miss work. I think the question was, would that violate the federal generic offense? And the answer is no. I think a prosecutor would be hard pressed in that case to prove to a jury beyond a reasonable doubt that the employer had an intent to interfere with the legal process. And I think why not? He. You agree that the legal process begins with the investigation of the crime. I think that Pugin talks about that. Yes. You don't agree, but we're we are instructed by the Supreme Court that the legal process begins with the investigation of the crime. And he intends to keep this person from talking to the police. He has the specific intent of keeping this person from talking to the police. He may also benefit thereby by keeping the guy at work and he may other motivations. But why isn't that a specific intent to to interfere with the very beginnings of the process of justice? I think it's the distinction between an inference that a jury could reach in an element of the crime. Does have to find you. We all seem to agree that he has the specific intent to dissuade this witness from reporting to the police. Yes. And that's I think this is a helpful way to think about this issue. If every time a prosecutor proved that a defendant intended to dissuade, they had also proved an intent to interfere with the process of justice, then prosecutors would prosecute under C, subsection C, which requires malice instead of B, particularly in cases like the cases before the court where there are elements of violence. There are elements that would trigger the escalator clauses in subdivision C of section 136. If those two, if every time you proved an intent to dissuade, you would also prove an intent to interfere, then we wouldn't have the subsection B cases. We would have subsection C cases. Does the record tell us what what section your clients were originally charged under? Yes. My client was charged. The information only charges subdivision B. Yeah. Is that true of all all the I thought looking at this that at least one of them was originally charged under C. Am I wrong? Doesn't it doesn't really matter. I guess my point was sometimes sometimes you get a plea bargain as each of these defendants did and you get charged with not as much as the prosecutor could have charged. And I looked at that, your honor, at least for Mr. Flores. And in his case, the information charges be he pled to be. And so I think it's it is important to consider the California statutory scheme. If every time a prosecutor had proved the intent for B, he had also proved malice and intent to interfere with the orderly administration of justice, then we would see charges for violations of C in these records. And we see B. That shows that California prosecutors and the courts that accept these pleasing and from these convictions understand a distinction between the intent required to dissuade and the intent to interfere in the there's a distinction between these intents. And that is the categorical mismatch. And I is the intent to interfere with the orderly administration of justice. Is that you're equating here that definition with a federal generic definition, which is an offense, an offense relating to the obstruction of justice, which seems to me to be, as Judge Moskowitz's question suggested, slightly different. And if I could address that question, the Supreme Court said that this generic offense requires an intent to interfere with the legal process. The phrase it and the generic offense is an aggravated felony relating to obstruction of justice. So this relating to language doesn't change the requirement of an intent to interfere with the legal process. It doesn't expand the scope of a categorical match because that requirement of an intent to interfere with the legal process is applies to the full generic offense, the full language relating to obstruction of justice. And that's what doesn't match. And in response to the question about whether this idea of the administration of justice is the same as the legal process, the legislative history for Section 136, which is discussed in the California case law, defined that term very broadly and said it could apply to pre-arrest conduct like, for example, and this is from Wahidi, attempts to settle misdemeanor violations among the parties without reporting them to the police. This is the legislative history for Subdivision A, which does require malice. It could also apply to a person arrested by a shopkeeper who, sorry, a civilian who was arrested by a shopkeeper and tried to talk the shopkeeper out of calling the police. So this California phrase, malice, is broad and it does apply to pre-arrest conduct. It does apply to preventing reports to the police. It does reach the type of conduct that we've been discussing as being covered by the federal crime. And it's not the intent required by B. If it were, then we would have charges and convictions under C, which requires malice, in addition to B. They would charge both. Prosecutors would charge both because they could prove two for one. And that's not the case. Coextensive, but what about the possibility that there's overlap? Coextensive would be they're interchangeable almost. But overlap would be for some things that you could charge under B, you could charge under one of the other provisions. But for the overlap to be material to the categorical analysis, the overlap would have to mean that the intent for B amounted to overlap sufficiently to be an intent to interfere with the orderly administration of justice. So for that overlap to be material to the categorical analysis, it would have to be collapse B and C in terms of the mens rea. It would have to be collapsed as far as one part, the second part of the or right, but not the other part. In other words, there'd be overlap. Maybe you could say one was subsumed in the other, but one is broader than the other, the government's position. The one that has malice is broader. If you look at the cases before in this record, the Flores case, the Bracken's case, in those cases, there were elements that justified an elevation to C, but the prosecutors didn't seek convictions. It wasn't charged. I'm not sure we do a categorical analysis by a holistic prediction of how prosecutors would act. What we may have here is just a California, and this is a problem all the time, the statutes are not designed with the categorical approach in mind. They're designed with something else in mind. As you said, A may cover things that don't even involve cases that have already begun. And B may only cover cases that already have begun. So I'm just not sure what to read out of the fact that California has designed two statutes that are hard to read together. What we need to figure out is whether the one that your clients were convicted under requires the specific intent required to violate the federal generic statute. Yes, that is the categorical analysis. That's why we're having some difficulty on both sides in this case. I would just close by saying, Your Honor, that the government can't have it both ways. It can't collect convictions under subdivision B without being required to prove an intent to interfere with the orderly administration of justice, and then treat those same convictions as though they require that intent for purposes of removability. That is having your cake and eating it too. It's not what the statute says, and it would be a violation. There's a categorical mismatch because there's a fundamental difference between the intent required by the California statute and the intent required by the generic aggravated felony. Thank you, counsel. Let me make sure that Judge Moskowitz has any follow-up question here. It looks like he does. I think he answered my question about relating to... You think you already got the answer? All right. Do either of my colleagues have any more questions? Sure. Well, thank you both. We took you both over, and we really appreciate you making the trip out here, and this case will be submitted as of today. Thank you. Thank you. I'm going to go back to sleep.
judges: HURWITZ, VANDYKE, Moskowitz